UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ROBERT K. HUDNALL; and SHARON ELIAS HUDNALL,** | § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | EP-21-CV-00106-FM |
| **TY SMITH,** *individually and as agent for Smith and Ramirez Restoration LLC*; **ALEJANDRO C. RAMIREZ,** *individually and as agent for Smith and Ramirez Restoration LLC*; **SMITH AND RAMIREZ RESTORATION LLC; and JOHN DOES 1-100,** | § § § § § § § § | |
| Defendants. | § § | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the court are "Ty Smith's, Alejandro C. Ramirez's, and Smith and Ramirez Restoration LLC's Joint Rule 12(C) Motion to Dismiss with Prejudice" ("Motion") [ECF No. 99], filed October 3, 2022, by Ty Smith ("Defendant Smith"), Alejandro C. Ramirez ("Defendant Ramirez"), and Smith and Ramirez Restoration LLC ("Defendant Smith & Ramirez") (collectively, "Defendants"); "Plaintiffs' Response to Defendants [sic] Joint Rule 12 (C) [sic] Motion to Dismiss with Prejudice and Motion for Summary Judgment" ("Response") [ECF No. 103], filed October 25, 2022, by Robert K. Hudnall and Sharon Elias Hudnall ("Plaintiffs"); and "Ty Smith's, Alejandro C. Ramirez's, and Smith and Ramirez Restoration LLC's Reply to Plaintiffs' Response to Joint Rule 12(C) Motion to Dismiss with Prejudice" ("Reply") [ECF No. 104], filed November 1, 2022, by Defendants. After due consideration of the Motion, Response, Reply, and applicable law, the Motion is **GRANTED**.

1

**I.      BACKGROUND**

   *A.      Factual Background*

In June 2014, Plaintiffs hired Defendants to install a roof on Plaintiffs' property.[1] The agreement provided that "arbitration would be the sole means of resolving disputes" that might arise under the contract.[2] Installation was to take five days but ended up dragging on for six months.[3] The roof was not finished properly and "began to deteriorate almost immediately."[4]

Sometime after the installation, heavy rains in El Paso caused Plaintiffs' home to flood numerous times.[5] Defendants promised to repair the damage at no cost to Plaintiffs.[6] At the same time, Defendants allegedly colluded with the adjuster for Plaintiffs' homeowner's policy for improper reimbursement for the repairs.[7]

Plaintiffs also claim Defendants "enter[ed] into an illegal agreement with a city roofing inspector" to rate the roof as having passed municipal code without conducting a physical inspection.[8] In May 2015, after Plaintiffs complained to the city, a supervising inspector audited the original inspection and found the roof in fact failed to meet municipal code.[9]

---

[1] "First Amended Complaint" (Am. Compl.") 1–2 ¶ 1, ECF No. 14, filed June 1, 2021.

[2] *Id*. at 2 ¶ 1, 3 ¶ 9 fn. 2.

[3] *Id*. at 2 ¶ 2.

[4] *Id*. at 2 ¶ 5.

[5] *Id*. at 2 ¶ 3.

[6] *Id*.

[7] *Id*. at 2 ¶ 6.

[8] *Id*. at 2 ¶ 4.

[9] *Id*. at 3–4 ¶ 10.

Plaintiffs further assert Defendants tried to squeeze them for more money than Defendants were owed. They allege Defendants knew some work on Plaintiffs' property had been funded under the Department of Veterans Affairs Special Adaptive Housing Program and demanded an amount "equal to half of those funds . . . for no other reason than they wanted them."[10] Defendants also allegedly demanded from Plaintiffs $4,000 more than was called for in the contract, which Plaintiffs paid.[11] Finally, Defendants allegedly later sued Plaintiffs for another $9,000.[12]

Plaintiffs thereafter requested arbitration, which Defendants ignored, and demanded payment of the building and construction bond ("the Bond") that Defendant Smith & Ramirez posted with the City of El Paso before beginning construction.[13]

B. Procedural Background

In June 2015, Defendant Smith & Ramirez filed suit against Plaintiffs in state court ("the Contract Case") to resolve this contract dispute.[14] Plaintiffs filed counterclaims including fraud, fraudulent inducement, fraudulent misrepresentation, breach of contract, and promissory estoppel.[15] Pursuant to the contract, Judge Sergio Enriquez sent the Contract Case to arbitration, which is ongoing.[16]

---

[10] *Id*. at 3 ¶ 3.

[11] *Id*. at 3 ¶ 9.

[12] *Id*.

[13] *Id*. at 4 ¶¶ 10–11.

[14] *Id*. at 5 ¶ 14 (state court case number 2015DCV1113); Mot. at 2 ¶ 2.

[15] "Ty Smith's, Alejandro C. Ramirez's, and Smith and Ramirez Restoration LLC's Joint Rule 12(c) Motion to Dismiss with Prejudice" ("Mot.") 6 ¶ 33, ECF No. 99, filed Oct. 3, 2022.

[16] Am. Comp. at 5 ¶ 16; Mot. at 6 ¶ 33.

In October 2015, Old Republic Surety Company, which posted the Bond on behalf of Defendant Smith & Ramirez, filed an interpleader petition in state court ("the Bond Case") since there were multiple claimants to the Bond.[17] In June 2016, the Bond Case Court allowed the Bond to be interpleaded with that Court and discharged Old Republic Surety Company from any liability to Plaintiffs or Defendants.[18]

The instant case arises from an April 2021 state court suit filed by Plaintiffs against Defendants, the law firm that represented Defendants in arbitration ("MGMSP&G"), three attorneys from MGMSP&G, the liability insurance carrier for Defendant Smith & Ramirez ("Evanston"), and the arbitrator ("Mr. Bluff").[19] As in the Contract Case, Plaintiffs assert claims based on fraud, fraudulent inducement, fraudulent misrepresentation, breach of contract, and promissory estoppel.[20] They also seek relief under the Racketeer Influenced and Corrupt Organizations Act ("RICO").[21] MGMSP&G and its attorneys removed in May 2021.[22]

In June 2021, Plaintiffs amended their complaint adding as defendants the issuer of their homeowners' policy ("Liberty Lloyds"), another law firm ("H&P"), and an attorney for H&P.[23] Plaintiffs also added new causes of action based on violations of the Health Insurance Portability

---

[17] Am. Compl. at 4 ¶¶ 11, 12 (state court case number 2015DCV3677).

[18] Mot., Ex. F, "Order Granting Old Republic Surety Company's First Amended Petition in Interpleader" 1, ECF No. 99-2, filed Oct. 3, 2022.

[19] *See* "Complaint," ECF No. 1-1, filed May 12, 2021 (state court case number 2021DCV1187).

[20] *See generally id.*

[21] *See generally id.*

[22] *See* "Notice of Removal Under 28 U.S.C. §1441(a) and § 1331 (Federal Question)," ECF No. 1, filed May 12, 2021.

[23] *See* Am. Compl. at 1.

and Accountability Act ("HIPAA") and the Texas Medical Privacy Act.[24] Liberty Lloyds, H&P, and H&P's attorney have since been dismissed due to Plaintiffs' failure to serve those parties within the timeframe required under Federal Rule of Civil Procedure ("Rule") 4.[25]

Between July and December 2021, the court granted motions to dismiss by MGMSP&G and its attorneys,[26] Mr. Bluff,[27] and Evanston.[28] Plaintiffs appealed these dismissals, which the Fifth Circuit denied as premature since this court has yet to enter a final judgment here.[29]

In December 2021, Plaintiff Robert Hudnall also filed suit in state court ("the Conspiracy Case") against Defendant Smith, Defendant Ramirez, Mr. Bluff, Evanston, the American Arbitration Association, the State of Texas, the City of El Paso, and Judge Enriquez.[30] Mr. Hudnall sought relief based on claims of intimidation, coercion, denial of due process and equal protection, "legal abuse syndrome," elder abuse, conspiracy, "abuse of process," fraud, exploitation, invasion of privacy, breach of contract, forgery, extortion, bribery, conflict of interest, denial of third party beneficiary rights, and violations of the Americans with Disability Act, Americans with Disability Act Amendment Act of 2008, and the Texas Human Resources Code.[31]

---

[24] *Id.* at 39.

[25] "Order Dismissing Defendants Catherine Hanna, Hanna and Plaut LLP, and Liberty Lloyds of Texas Insurance Company" 1-2, ECF No. 106, entered Jan. 5, 2023.

[26] "Order Granting Motion to Dismiss" 8, ECF No. 48, entered, July 9, 2021.

[27] "Order Granting Guy M. Bluff's Motion to Dismiss" 10, ECF No. 68, entered Aug. 10, 2021.

[28] "Order on Motion to Dismiss" 6, ECF No. 77, entered Dec. 20, 2021.

[29] *See* "Notice of Appeal," ECF No. 73, filed Aug. 20, 2021; "USCA Judgment/Mandate," ECF No.86, entered Mar. 7, 2022.

[30] *See* 3:22-cv-00036-KC-RFC, "Original Petition for Violation of the Americans with Disability Act (ADA)[,] Americans with Disability Act Amendment Act of 2008 (ADAAA), Fraud and Conspiracy," ("2021DCV4135 Petition") ECF No. 1-3, filed Jan. 26, 2022.

[31] *Id.*

Evanston removed the Conspiracy Case to this court in January 2022.[32] Shortly thereafter, the undersigned recused to avoid the appearance of bias or impropriety given that Mr. Hudnall made allegations against the undersigned in the Conspiracy Case.[33] In August 2022, the court dismissed Evanston, the State of Texas, Judge Enriquez, Mr. Bluff, and the American Arbitration Association.[34] Motions to dismiss by Defendant Smith, Defendant Ramirez, and the City of El Paso are pending in that case.

### C. Parties' Arguments

Returning to the instant case, Defendants move to dismiss arguing 1) the court "lacks subject matter jurisdiction over Plaintiffs' state law claims against [Defendants] given they are presently being litigated in" arbitration[35]; 2) Plaintiffs failed to state a claim regarding RICO[36]; and 3) no private cause of action exists under HIPAA or the Texas Medical Privacy Act.[37]

Plaintiffs respond that they should not be compelled to resolve their state law claims in arbitration, arguing the contract was terminated once Defendant Smith & Ramirez lost claim to the Bond.[38] Moreover, they assert Defendants are barred on res judicata and collateral estoppel grounds from litigating whether the roof was successfully installed, claiming the Bond Case Court

---

[32] *See* 3:22-cv-00036-KC-RFC, "Notice of Removal," ECF No. 1, filed Jan. 26, 2022.

[33] 3:22-cv-00036-KC-RFC, "Order of Recusal" 1, ECF No. 2, entered Jan. 31, 2022; *see* 2021DCV4135 Petition

[34] 3:22-cv-00036-KC-RFC, "Order Adopting Report and Recommendation of the Magistrate Judge" 3, entered Aug. 30, 2022.

[35] Mot. at 2 ¶ 4.

[36] *Id*. at 2 ¶ 6.

[37] *Id*. at 2 ¶ 7.

[38] "Plaintiffs' Response to Defendants [sic] Joint Rule 12 (C) [sic] Motion to Dismiss with Prejudice and Motion for Summary Judgment" ("Resp.") 7 ¶ 21, ECF No. 103, filed Oct. 25, 2022.

found the roof did not meet municipal code.[39] Plaintiffs do not, however, dispute Defendants arguments regarding RICO, HIPAA, or the Texas Medical Privacy Act.

Defendants reply that, with respect to the Bond Case, that decision "is presently being litigated in Arbitration where the Arbitrator, Guy Bluff, found [the Bond Case Court] did not issue a ruling on the merits as to" Defendants.[40] Moreover, they assert, Plaintiffs' res judicata and collateral estoppel arguments are *themselves* barred by res judicata as they have already been addressed and decided in arbitration.[41] Indeed, Mr. Bluff concluded that nothing in the Bond Case record "supports a conclusion that there was (1) a prior final judgment on the merits by a court of competent jurisdiction, or (2) that there was a second action based on the same claims as were raised or could have been raised in the first action."[42]

## II.  LEGAL STANDARD

### A.  *Subject Matter Jurisdiction*

Rule 12(b)(1) allows a party to move to dismiss an action for lack of subject matter jurisdiction.[43] A court must dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case."[44] The burden of establishing

---

[39] *Id*. at 5–8.

[40] Mot. at 12 ¶ 51.

[41] "Ty Smith's, Alejandro C. Ramirez's, and Smith and Ramirez Restoration LLC's Reply to Plaintiffs' Response to Joint Rule 12(C) Motion to Dismiss with Prejudice" 3, ECF No. 104, filed Nov. 1, 2022.

[42] *Id*. at 4 ¶ 11 (citing "Defendant Guy M. Bluff's Amended Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted," Ex. 3, "Order re Third MFSJ and Sanctions" 4, ECF No. 45-1, filed July 1, 2021) (internal quotation marks omitted).

[43] Fed. R. Civ. P. 12(b)(1).

[44] *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

subject matter jurisdiction is on the party seeking to invoke it.[45] In deciding a motion to dismiss under Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[46] A Rule 12(b)(1) motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief.[47]

### B. Failure to State a Claim

Under Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[48] "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6),"[49] which allows dismissal of a complaint for "failure to state a claim for which relief can be granted."[50] "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[51] To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[52] "The plausibility standard is not akin to a 'probability

---

[45] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[46] *Id.*

[47] *See Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010.

[48] FED. R. CIV. P. 12(c).

[49] *Union Pac. R.R. Co. v. City of Palestine, Tex.*, 41 F4th 696, 703 (5th Cir. 2022) (citation and internal quotation marks omitted).

[50] FED. R. CIV. P. 12(b)(6).

[51] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (internal quotation marks and citation omitted); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[52] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[53] "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[54] Therefore, a complaint is not required to set out "detailed factual allegations," but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[55] Although the court must accept well-pleaded allegations in a complaint as true, it does not afford conclusory allegations similar treatment.[56]

### III.  DISCUSSION

Plaintiffs raise claims for relief pertaining to breach of contract, promissory estoppel, fraud, fraudulent inducement, and fraudulent misrepresentation ("Contract Claims") as well as violations of RICO, HIPAA, and the Texas Medical Privacy Act.[57]

####   A.  The Contract Claims

Plaintiffs asserted Contract Claims all stem from Defendants' alleged failures and misconduct regarding its contractual duties.[58] Yet Plaintiffs readily assert that arbitration was to be "the sole means of resolving disputes that might arise under the contract."[59] To that end, "a district court lacks subject matter jurisdiction over a case and should dismiss it pursuant to [Rule]

---

[53] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[54] *Id*. (citing *Twombly*, 550 U.S. at 556).

[55] *Twombly*, 550 U.S. at 555.

[56] *See Kaiser Aluminum & Chem. Sales, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

[57] Am. Compl. at 17–39.

[58] *Id*. at 29–38.

[59] *Id*. at 3 ¶ 9 fn. 2.

12(b)(1) when the parties' dispute is subject to binding arbitration."[60] The Contract Claims clearly arise under Plaintiffs' contract with Defendants, which is subject to and currently undergoing arbitration. Accordingly, the court lacks jurisdiction to adjudicate the Contract Claims.

To circumvent this conclusion, Plaintiffs assert the Bond Case resolved the liability issue in their favor. They are wrong. The resolution of the Bond Case did not, as they claim, terminate the contract and thereby waive the requirement that the parties arbitrate any disputes pertaining to the contract.[61] Instead, resolution of the Bond Case merely permitted the Old Republic Surety Company to deposit the contested Bond funds with the state court and discharge its liabilities to Defendants and Plaintiffs.[62] The Bond Case did not address the merits of arguments pertaining to the roof, its compliance with municipal code, or any party's liability. Accordingly, the Bond Case was *not* a "final decision" which "should have ended the matter" in Plaintiffs' favor in the Contract Case, despite Plaintiffs argument to the contrary.[63] Nor was the Bond Case improperly "hidden from both the Plaintiffs" and the Contract Case Court.[64]

Finally, because the court lacks subject matter jurisdiction over the Contract Claims, it declines to reach the merits of the parties' arguments concerning res judicata and collateral estoppel.

---

[60] *Gilbert v. Donahoe*, 751 F.3d 303, 306 (5th Cir. 2014).

[61] Resp. at 5 ¶ 15.

[62] Order Granting Old Republic Surety Company's First Amended Petition in Interpleader at 1–2.

[63] *See* Am. Compl. at 5 ¶ 16.

[64] *Id.*

B.     RICO

Plaintiffs assert causes of action under RICO, 18 U.S.C. ("Section") 1962, subsections (a) through (d).[65] "Elements common to all four [subsections] are: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct or control of an enterprise."[66] A pattern exists when racketeering activities and "continuous"[67] and "either constitute or threaten long-term criminal activity."[68] "Racketeering activity" includes, among other things: bribery (Section 201); mail fraud (Section 1341); activity related to wire fraud (Section 1343); tampering with or retaliating against a witness, victim, or informant (Section 1512 and 1513); and aiding or assisting certain aliens to enter the United States (8 U.S.C. § 1327).[69] To that end, Plaintiffs make the following allegations:

*Bribery*: Plaintiffs contend Defendants bribed City of El Paso inspectors by bringing them hamburgers and taking them out to lunch "to curry favor" and incentivize them to "pass[] roofs that actually failed to meet the municipal code standards."[70] However, RICO covers only bribery falling under Section 201, which prohibits bribing officials, employees, or people "acting on behalf of the United States, or any department, agency or branch of the Government thereof."[71] City of El Paso inspectors, as employees of a municipal corporation subject to the laws of Texas, do not act on behalf of the United States Government.

---

[65] *Id*. at 17–43.

[66] *Whelan v. Winchester Prod. Co*., 319 F.3d 225, 228–29 (5th Cir. 2003) (footnotes omitted).

[67] *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 425 (5th Cir. 1990).

[68] *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993).

[69] 18 U.S.C. § 1961(1).

[70] Am. Compl. at 13.

[71] 18 U.S.C. § 201(a)(1).

*Mail fraud*: Defendants allegedly committed mail fraud by communicating with Plaintiffs' insurer via mail in which they claimed 1) Plaintiffs were in violation of their homeowner's policy and 2) the roof passed municipal code.[72] These claims led the insurer to believe "Plaintiffs were trying to unjustly enrich themselves at [the insurer's] expense."[73] These allegations, however, do not clearly show an intent by Defendants' to defraud Plaintiffs or "obtain[] money or property by means of false or fraudulent pretenses" as required under Section 1341.[74] They do not demonstrate a continuous, long-term pattern or criminal activity.[75] And they do not meet Rule 9(b)'s heightened pleading standard, which requires allegations of fraud be pled "with particularity."[76]

*Activity related to wire fraud*: Defendants also allegedly committed wire fraud by communicating with Plaintiffs' mortgage company in an attempt to secure unwarranted payments.[77] These vague and conclusory allegations fail for the same reasons as the allegations pertaining to mail fraud.

*Tampering with a witness, victim, or informant*: Defendants allegedly "did tamper" with a city inspector "in order to get him to pass the roof installed on Plaintiffs' home without inspecting it."[78] This conclusory allegation, like the preceding ones, fails to meet RICO pleading standards[79]:

---

[72] Am. Compl. at 13.

[73] *Id.*

[74] *See* 18 U.S.C. § 1341.

[75] *See Landry*, 901 F.2d at 425; *In re Burzynski*, 989 F.2d at 742.

[76] FED. R. CIV. P. 9(b); *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 783 (5th Cir. 2020) (RICO allegations must describe with particularity "the who, what, when and where").

[77] *Id.*

[78] Am. Compl. at 14.

[79] FED. R. CIV. P. 9(b); *Molina-Aranda*, 983 F.3d at 783.

Under Section 1512, tampering includes acts such as killing, using physical force, threatening, intimidating, or corruptly persuading.[80] Yet Plaintiffs make no specific allegations as to how Defendants tampered with city inspectors. Moreover, city inspectors are not alleged to have been witnesses, victims, or informants.

*Retaliating against a witness, victim, or informant*: Plaintiffs claim Defendants have retaliated against them "in continuing to assert that the roof in question passed City inspection when both the Court[] in [the Bond Case] and the City Department of Planning and Inspection found that the roof failed inspection."[81] However, under Section 1513, retaliation includes acts such as killing, attempting to kill, causing bodily injury, or damaging tangible property with the intent to retaliate against another for acting as a witness or informant.[82] It is patently absurd for Plaintiffs to claim that asserting a legal position—i.e., that the roof in question passed City inspection—is tantamount to retaliation under RICO.

*Assisting certain undocumented aliens to enter the United States*: Defendants allegedly assisted "undocumented aliens to enter the United States and work here in that most of their work crews were not legally authorized to work in the United States."[83] "When proof was requested by Plaintiffs showing that their crews were able to work here legally, said proof was refused by Smith and Ramirez Restoration LLC."[84] However, 8 U.S.C. § 1327 only pertains to aliens who are deemed inadmissible under 8 U.S.C. § 1182 as a result of prior criminal convictions or a known

---

[80] *See generally* 18 U.S.C. § 1512.

[81] Am. Compl. at 14.

[82] *See generally* 18 U.S.C. § 1513.

[83] Am. Compl. at 14.

[84] *Id.*

intent to enter the United States for purposes of unlawful activity, such as espionage, sabotage, or terrorism.[85] Plaintiffs do not allege that any aliens purportedly hired by Defendants were deemed inadmissible under 8 U.S.C. § 1182.

### C. *HIPAA and the Texas Medical Privacy Act*

Plaintiffs claim Defendants have disseminated personal information about Plaintiff Robert Hudnall during the course of the Contract Case that was covered by HIPAA and the Texas Medical Privacy Act.[86] Plaintiffs therefore assert causes of action under those statutes.[87] However, as this court has already explained to Mr. Hudnall in a separate 2014 case, HIPAA does not provide a private right of action.[88] Nor does the Texas Medical Privacy Act.[89] Accordingly, Plaintiffs' claims under those statutes fail.

### IV. CONCLUSION

In sum, the court lacks subject matter jurisdiction over Plaintiffs breach of contract, promissory estoppel, fraud, fraudulent inducement, and fraudulent misrepresentation claims. Plaintiffs' RICO allegations fail to state a claim for which relief can be granted. Plaintiffs' claims under HIPAA and the Texas Medical Privacy Act are not cognizable as those statutes do not provide private rights of action. Accordingly, it is **HEREBY ORDERED** that "Ty Smith's,

---

[85] *See* 8 U.S.C. §§ 1327, 1182.

[86] Am. Compl. at 5 ¶ 15.

[87] *Id*. at 39.

[88] *Hudnall v. Univ. of Tex. at El Paso*, No. EP-13-CV-00365-DCG, 2014 WL 12496895, *3–4 (W.D. Tex. Feb. 21, 2014); *see Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006) (holding "there is no private cause of action under HIPAA").

[89] TEX. HEALTH & SAFETY CODE § 181.201 (conferring enforcement authority of the Texas Medical Privacy Act on the Texas Attorney General).

Alejandro C. Ramirez's, and Smith and Ramirez Restoration LLC's Joint Rule 12(C) Motion to Dismiss with Prejudice" [ECF No. 99] is **GRANTED**.

**SIGNED AND ENTERED** this **10th** day of **January 2023.**

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**